IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL R. GADBURY,

    Plaintiff,

vs.   No. CIV 16-1387 JB/KRS

JUDGE LISA B. RILEY;
DISTRICT ATTORNEY DREW INMAN;
CARLSBAD LAW ENFORCEMENT and
OFFICE OF THE FIFTH JUDICIAL
DISTRICT COURT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 20, 2016 (Doc. 1)("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted and impose a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)("PLRA").

## FACTUAL AND PROCEDURAL BACKGROUNDS

Plaintiff Paul R. Gadbury names, as Defendants, the Honorable Lisa B. Riley, New Mexico District Judge, Assistant District Attorney Drew Inman, the Carlsbad Law Enforcement/Carlsbad Police Department, and the Office of the Fifth Judicial District Court. See Complaint ¶¶ 2-3, at 1-2. Gadbury is proceeding under 42 U.S.C. § 1983, alleging that "[t]hese so called professionals violated my civil rights; my family's civil rights; and violated many City, and State laws in this case." Complaint ¶ 3, at 2. Gadbury alleges three counts against the Defendants:

>    Count I: Illegally searched me with no probable cause and did this by depriving me of my rights to have council [sic] present; this was a warrantless search which violated due process; and violates many city and state laws; unprofessional actions by so called law enforcement; breaking laws & civil right . . . .
>
>    Count II: Illegally obtaining evidence under false pretense by asking for the garage opener they in fact illegally searched this vehicle & seized drugs that can not be used because of how they were obtained . . . .
>
>    Count III: Judge & District Attorney allowed this ill gotten evidence into court knowing that they were covering up for illegally obtained evidence.

Complaint at 3-4. Gadbury seeks "to have sentence terminated; to have all costs & fees paid by Defendants; and to have all future retaliation & harrassment stopped right now." Complaint at 5.

Although Gadbury alleges that he "has no past criminal history," Complaint at 3, he has three New Mexico state court convictions: State v. Gadbury, No. D-503-CR-2008-00292; State v. Gadbury, No. D-503-CR-2013-00236; and State v. Gadbury, No. D-503-CR-2015-00086.[1] Gadbury's Complaint does not identify which of his criminal convictions he is challenging, but because Gadbury names Judge Riley and Mr. Inman as Defendants, based on the state court record it appears his claims relate to State v. Gadbury, No. D-503-CR-2013-00236.

In case No. D-503-CR-2013-00236, a jury convicted Gadbury on two counts: possession of a controlled substance (narcotics) and possession of marijuana. Gadbury was sentenced to 1 year, 4 months, and 24 days of incarceration. He has completed serving his sentence in D-503-

---

[1] The Court takes judicial notice of the official record in Gadbury's state court proceedings through the Supreme Court of New Mexico's Secured Online Public Access. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(explaining that the court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); Stack v. McCotter, 79 F. App'x 383, 391 (10th Cir. 2003)(unpublished opinion)(explaining that state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201); Shoulders v. Dinwiddie, 2006 WL 2792671, at *3 (W.D.Okla. 2006)(Cauthron, J.)(court may take judicial notice of state court records available online including docket sheets in district courts).

CR-2013-00236, and is currently on probation following his conviction in case No. D-503-CR-2015-00086, although he filed his Complaint while incarcerated.

**LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM**

Gadbury is proceeding pro se and in forma pauperis.  The Court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) of the Federal Rules of Civil Procedure or under 28 U.S.C. § 1915(e)(2)(B). Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not unsupported legal conclusions, and may not consider matters outside the pleading.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).  The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), the Court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2)(B)(i). The authority granted by § 1915 permits the Court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims for which the factual contentions are clearly baseless.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989).  See also Hall v. Bellmon, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's

factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Court, instead, may go beyond the pleadings and consider any other materials that the parties file, as well as court proceedings subject to judicial notice. See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). A pro se plaintiff's pleadings are judged, however, by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. See Ogden v. San Juan Cty, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow the plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. See Hall v. Bellmon, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## LAW REGARDING JUDICIAL AND PROSECUTORIAL IMMUNITY

Absolute judicial immunity bars civil rights and state law claims against judicial officers acting as judges. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990); Hunnicutt v. Sewell, 2009-NMCA-121, ¶ 9, 219 P.3d

529, 532-33. It is well settled that the doctrine of judicial immunity applies to actions, such as this case, under 42 U.S.C. § 1983 as well as state-law claims. See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986); Collins on Behalf of Collins v. Tabet, 1991-NMSC-013, ¶ 19, 806 P.2d 40, 45-46. Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).

The Supreme Court of the United States has recognized absolute immunity for officials whose special functions or constitutional status require complete protection from suit. See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35 (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967); Butz v. Economou, 438 U.S. 478, 512 (1978)).

Prosecutors are entitled to immunity in the performance of their prosecutorial functions. See Miller v. Spiers, 434 F. Supp. 2d 1064, 1066 (D.N.M. 2006)(Black, J.); Johnson v. Lally, 1994-NMCA-135, ¶ 1, 887 P.2d 1262, 1264. The common law has long recognized that prosecutors must be given immunity from the chilling effects of civil liability. See Burns v. Reed, 500 U.S. 478, 485 (1991); Griffith v. Slinkard, 44 N.E. 1001, 1002 (Ind. 1896); Collins on Behalf of Collins v. Tabet, 1991-NMSC-013, ¶ 16, 806 P.2d 40, 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

## **LAW REGARDING § 1983 CLAIMS**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution of the United States of America. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(explaining that § 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that government officials acted under color of law in a way that resulted in a deprivation of rights which the United States Constitution secures. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right; conduct that is not connected to a constitutional violation is not actionable under § 1983. See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must allege that each government official, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). To succeed under § 1983, the plaintiff must allege some identified official's personal involvement in the alleged constitutional violation. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of

the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Nor do generalized statements that the defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. To establish municipal liability, a plaintiff has the burden of demonstrating: (i) the existence of a municipal policy or custom; and (ii) a direct causal link between the policy or custom, and the alleged injury. See Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993). A municipal policy or custom may be shown by: (i) "a formal regulation or policy statement"; (ii) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'"; (iii) "the decisions of employees with final policymaking authority"; (iv) "the ratification by such final policymakers of the decisions -- and the basis for them -- of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (v) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." Brammer–Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189-90 (10th Cir. 2010)(quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); City of Canton v. Harris, 489 U.S. 378, 388-91(1989))(internal quotation marks omitted); Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010).

## LAW REGARDING HECK V. HUMPHRY

In Heck v. Humphry, 512 U.S. 477, 487 (1994), the Supreme Court addressed when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Supreme Court

held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply his conviction or sentence's invalidity; if the judgment would call into question the conviction, the complaint must be dismissed. See Heck v. Humphry, 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the Heck v. Humphry doctrine. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005). See also Edwards v. Balisok, 520 U.S. 641 (1997).

## ANALYSIS

The Court concludes that Gadbury's Complaint does not state a claim for relief because judicial and prosecutorial immunity bar any monetary claims against Judge Riley and Mr. Inman. Further, the claims against Carlsbad Law Enforcement and the Office of the Fifth Judicial District Court do not state a valid § 1983 claim. Additionally, Heck v. Humphry bars all of Gadbury's claims. The Court further concludes that it will not grant Gadbury leave to amend his Complaint, and the Court will impose a "strike" under the PLRA.

**I.   JUDICIAL AND PROSECUTORIAL IMMUNITY BAR ANY MONETARY CLAIMS AGAINST JUDGE RILEY AND MR. INMAN.**

Gadbury's Complaint does not allege any specific actions by Judge Riley. Instead, the Complaint makes generalized allegations: "This Kangaroo Court who used bias & prejudice to convict this man knowing that they were violating his civil rights, and committing felonies in the process . . . both of the Court Officers exceeded their authority; they in fact used false information in this conviction." Complaint at 3-4. The Court construes these allegations as made against Judge Riley such that Gadbury seeks to recover against Judge Riley for acts that were made in the exercise of judicial discretion. See Van Sickle v. Holloway, 791 F.2d at 1434-

35. Absolute judicial immunity bars any claims against Judge Riley that the Heck v. Humphry doctrine, as explained, below, does not bar.

Similarly, the Complaint identifies Mr. Inman as a Defendant, but does not specify any acts or omissions of Mr. Inman. However, to the extent "both of the Court Officers" refers to Mr. Inman, the allegations are for advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. at 430. Prosecutorial immunity bars the claims against Mr. Inman.

## II. THE CLAIMS AGAINST CARLSBAD LAW ENFORCEMENT AND THE OFFICE OF THE FIFTH JUDICIAL DISTRICT COURT DO NOT STATE A § 1983 CLAIM.

Gadbury alleges violations of his rights by law enforcement officers, and variously refers to the law enforcement Defendant as "Carlsbad Law Enforcement" and "Carlsbad Police Department." Complaint at 1-2. "Carlsbad Law Enforcement" is not a real entity. The Carlsbad Police Department is an agency of the City of Carlsbad, New Mexico, and any claims against the Carlsbad Police Department are claims against the City of Carlsbad.

To hold the City of Carlsbad liable for actions of its law enforcement officers requires the existence of a municipal policy or custom, and violation of that policy or custom, by the City of Carlsbad, resulting in constitutional harm to Gadbury. See Hinton v. City of Elwood, 997 F.2d at 782. Gadbury does not allege either the existence of any policy or custom, or violation of any such policy or custom, by the Carlsbad Police Department. The Complaint does not state any § 1983 claim for relief against the City of Carlsbad Police Department.

The Complaint also does not identify any individual Carlsbad law enforcement officer. The Complaint does not allege personal involvement by any identified official in the alleged constitutional violation. See Fogarty v. Gallegos, 523 F.3d at 1162. Gadbury may not proceed

on a theory of respondeat superior that unidentified "police officers" violated his rights, and, absent allegations of individual action by named officers, his Complaint does not state a § 1983 claim for relief. See Ashcroft v. Iqbal, 556 U.S. at 676.

Last, the Fifth Judicial District Court is a New Mexico state entity. See N.M. Stat. Ann. § 34-6-1(E). Accordingly, the claims against it are claims against the State of New Mexico. The State is not a "person" within 42 U.S.C. § 1983's meaning and, therefore, there is no remedy against the State under § 1983. Gadbury's claims against the Office of the Fifth Judicial District Court do not state any claim for relief, and the Court will dismiss those claims. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-64 (1989).

### III.   HECK V. HUMPHRY BARS ALL OF GADBURY'S CLAIMS.

All of the claims alleged in Gadbury's Complaint are attacks on the arrest and criminal proceedings underlying his conviction in D-503-CR-2013-00236. See Complaint at 1-4. Gadbury's Prayer for Relief specifically asks the Court to "terminate" his criminal sentence. Complaint at 5. Gadbury's request for relief necessitates the invalidation of his sentence. See Wilkinson v. Dotson, 544 U.S. at 80-81. Because a favorable ruling on Gadbury's claims would require treating his sentence in D-503-CR-2013-00236 as invalid, the Court will dismiss the Complaint's civil rights claims under the Heck v. Humphry doctrine. See Beck v. City of Muskogee Police Dept., 195 F.3d 553, 556-57 (10th Cir. 1999).

Regardless of whether they are claims for monetary, declaratory, or injunctive relief, and regardless of whether they are against the Judge, the prosecutor, the District Court, or police officers, Heck v. Humphry bars all claims against all Defendants. See Wilkinson v. Dotson, 544 U.S. at 80-81. The Court will dismiss the Complaint under rule 12(b)(6) and § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted.

**IV.     THE COURT WILL NOT GRANT LEAVE TO AMEND.**

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow a plaintiff an opportunity to amend the complaint.  The Court should give pro se plaintiffs a reasonable opportunity to remedy defects in their pleadings.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  The Court should grant an opportunity to amend unless amendment would be futile.  See Hall v. Bellmon, 935 F.2d at 1109.  An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards.  Bradley v. Val-Mejias, 379 F.3d at 901.

The Court will dismiss Gadbury's Complaint without leave to amend, because the Court determines that amendment of the Complaint would be futile.  See Hall v. Bellmon, 935 F.2d at 1109.  The Heck v. Humphry doctrine would still bar any amendment to Gadbury's claims, and the amended complaint would be subject to immediate dismissal.  The Court therefore will dismiss without leave to amend.  See Bradley v. Val-Mejias, 379 F.3d at 901.

**V.     THE COURT WILL IMPOSE A "STRIKE" UNDER THE PLRA.**

When it enacted the in forma pauperis statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any federal court solely because he is unable to pay or to secure the costs.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).  Congress also recognized, however, that a litigant whose filing fees and court costs the public assumes, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.  See Neitzke v. Williams, 490 U.S. at 324.  Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims.  See Jones v. Bock, 549 U.S. 199, 202-04 (2007).

Those reforms include the three-strike rule of the PLRA, 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the Court concludes that Gadbury's Complaint fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under § 1915(g). The Court notifies Gadbury that, if he accrues three strikes, he may not proceed in forma pauperis in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

**IT IS ORDERED** that: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 20, 2016 (Doc. 1), is dismissed; and (ii) a strike is imposed against Plaintiff Paul R. Gadbury under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Paul R. Gadbury
Central New Mexico Correctional Facility
Los Lunas, New Mexico

    *Plaintiff pro se*